Metcalf, J.
The court are of opinion that, by the true construction of the will of Liberty Bowker, the sum of seven hundred dollars in money was bequeathed to his son David, the plaintiff’s intestate, on no contingency, except that of the acceptance, by Melvin, the defendant, of the devise to him of the farm and stock. If the defendant had refused to accept that devise, the farm and stock would have descended as intestate property to all the heirs, and David would have been entitled to his share of it, instead of the money. We have no doubt that the testator meant that his bounty to his son David, as well as to his other legatees, should immediately attach, and that only the time of payment should be postponed. Such being his meaning, the legacy vested upon the defendant’s acceptance of the devise made to him, and he, by that acceptance, became liable to pay it at the times prescribed in the will. See Furness v. Fox, 1 Cush. 134; Bac. Ab. Legacies, E. 2; 1 Jarm. on Wills, (1st Am. ed.) 759. If David had died before the testator, leaving issue who survived the testator, it cannot be doubted, we think, that such issue would have been entitled, under the Rev. Sts. c. 62, § 24, to the legacy bequeathed to him.
The plaintiff is to have judgment for one hundred dollars, with interest from May 21, 1851, when that sum would have been payable to her intestate, if he had been then alive.

Judgment accordingly.